**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50344 |
| Plaintiff - Appellee, | D.C. No. 2:99-cr-00083-DOC-23 |
| v. | |
| ROLANDO ONTIVEROS, AKA Rolo, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Argued and Submitted November 18, 2014
Pasadena, California

Before: WARDLAW and PAEZ, Circuit Judges, and PONSOR, Senior District Judge.[**]

Rolando Ontiveros appeals his conviction on ten counts: one count of racketeering under 18 U.S.C. § 1962(c); one count of RICO conspiracy under 18 U.S.C. § 1962(d); one count of conspiracy to distribute controlled substances under

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Michael A. Ponsor, Senior District Judge for the U.S. District Court for Massachusetts, sitting by designation.

21 U.S.C. § 846; five counts of violent crimes in aid of racketeering (VICAR) under 18 U.S.C. § 1959(a); and two counts of use of firearms during or in relation to a VICAR crime under 18 U.S.C. § 924(c).  All charges relate to Ontiveros's involvement with the Mexican Mafia in the late 1990s.

Ontiveros argues that the district court erred by: (1) accepting a defense witness's invocation of his Fifth Amendment privilege against self-incrimination without adequately determining the scope of the privilege; (2) failing to compel testimony from that witness under a judicial grant of use immunity; (3) permitting lay testimony from a co-conspirator who decoded drug jargon gathered from conversations to which he was not a party; and (4) excluding testimony from a special agent of the FBI as unfairly prejudicial under Federal Rule of Evidence 403.  Ontiveros also challenges his convictions on the ground that they were not supported by sufficient evidence under *Jackson v. Virginia*, 443 U.S. 307 (1979). For the reasons explained below, we affirm.

We review the court's application of Rule 403 for abuse of discretion and harmless error.  *United States v. Gonzalez-Flores*, 418 F.3d 1093, 1098-99 (9th Cir. 2005); *United States v. Sarno*, 73 F.3d 1470, 1488 (9th Cir. 1995).  We review the remaining issues for plain error because Ontiveros did not raise them before the district court.

**1.** The district court's determination that defense witness John Turscak had invoked his Fifth Amendment privilege as to all questions was not plainly erroneous. First, the district court properly inquired into the scope of Turscak's Fifth Amendment privilege against self-incrimination. *United States v. Pierce*, 561 F.2d 735, 741 (9th Cir. 1977). He was provided with counsel, and the court permitted defense counsel to ask questions even after Turscak expressed his intention to make a blanket invocation. Second, the court had sufficient knowledge of the case and related cases to conclude that it would be untenable to restrict questioning to certain subjects. *See United States v. Klinger*, 128 F.3d 705, 709 (9th Cir. 1997). Third, Ontiveros failed to demonstrate that the district court's statement of the law had a "chilling" effect on Turscak's testimony.

**2.** The district court's decision not to compel Turscak's testimony under a judicial grant of use immunity did not constitute plain error. Such immunity is appropriate only when "(1) the witness's testimony would have been relevant, and (2) the prosecution refused to grant the witness use immunity with the deliberate intention of distorting the fact-finding process." *United States v. Straub*, 538 F.3d 1147, 1156 (9th Cir. 2008) (quoting *Williams v. Woodford*, 384 F.3d 567, 600 (9th Cir. 2002)). Here, the second prong requires that the prosecution denied immunity

to a defense witness who would have directly contradicted the testimony of an immunized government witness. *Id.*

Assuming that Turscak's testimony was relevant, failing to compel Turscak's testimony under a grant of use immunity did not distort the fact-finding process because Turscak's testimony would not have directly contradicted that of any immunized government witness. Even if Turscak had testified to the facts Ontiveros alleges, these facts would not have been inconsistent with the government witnesses' testimony.

3.      The district court properly admitted government witness Max Torvisco's testimony as lay testimony under Federal Rule of Evidence 701. Torvisco satisfied Rule 701's perception requirement because, as a member of the Mexican Mafia, he had personal knowledge of the contents of the calls and could testify to known facts, including coded terms used by his co-conspirators. *See United States v. Gadson*, 763 F.3d 1189, 1212-13 (9th Cir. 2014); *United States v. Freeman*, 498 F.3d 893, 898, 904-05 (9th Cir. 2007).

4.      The district court did not abuse its discretion by excluding Special Agent Lee's testimony under Federal Rule of Evidence 403. First, his testimony that a government informant did not mention Ontiveros during a limited period of time when that informant may not have been in contact with Ontiveros was only

minimally probative.  Second, any probative value was outweighed by the risk of misleading the jury because hearsay and relevancy concerns barred the government from introducing contradictory evidence.

5.      Viewing the evidence in the light most favorable to the government, a rational juror could find Ontiveros guilty of all charges beyond a reasonable doubt. *See Jackson*, 443 U.S. at 319.  Although the government relied heavily on testimony from Ontiveros's co-conspirators, this testimony was neither incredible nor insubstantial on its face.  *United States v. Yossunthorn*, 167 F.3d 1267, 1270 (9th Cir. 1999).

**AFFIRMED.**